**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**FRANCISCO TAVERAS, FRANCISCO MERCEDES, WAYNE JOHNSON,** and **JAYDEN PERDOMO,**
in their individual capacities and
on behalf of others similarly situated,

              Plaintiffs,

v.

**NORTHEAST LANDSCAPE & MASONRY ASSOCIATES, INC.,**
  f/k/a Northeast Landscape Associates, Inc.,
  f/k/a A P Michaels Landscaping, Ltd.
  f/k/a A P Michaels Contracting, Ltd.
  f/k/a A P Michaels Site Design
  f/k/a A.P. Michaels Sight Design, Inc.
**N-EAST SITE CONTRACTING, INC.,**
**PETER GEORGE PERGOLA**, an individual,
**PETER M. PERGOLA**, an individual, and
**ANTHONY PERGOLA**, an individual,

             Defendants.

Case No. 7:16-cv-00834-CS-JCM

---

## PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION

---

### I. INTRODUCTION

While appreciating Judge McCarthy's extensive analysis, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72 (b)(2) of the Federal Rules of Civil Procedure, Plaintiffs raise certain objections to her Report and Recommendation, filed December 28, 2018 [Dkt. 64] regarding their Motion for Default Judgment [Dkt. 44].

In particular, we object to the reduction of attorney fees from the amount requested ($20,000) to the amount awarded ($14,076.10) primarily because some of the bases appear to have been based on incorrect assumptions that we seek to clarify herein.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

The amounts "billed" to the matter as reflected in the logs at Dkt. 45-1 were $25,814.19. Counsel already voluntarily reduced this to a "flat fee" of $20,000. [Dkt. 45 ¶ 30]. At this point those accrued fees have increased to over $28,000. (Ex. A). Thus, the amount recommended as an award ($14,076.10) is about half of the amount the firm has expended on this case to date. The extent of the reductions is unwarranted for several reasons.

First, there appears to be a misunderstanding about how certain things were logged in the time records that were provided with the intention that they serve as a "cross check" for the flat fee rather than the basis for the court to need to play, using the Supreme Court's terminology, the "green eyeshade accountant." *Fox v. Vice*. 131 S. Ct. 2205 (2011). [Dkt. 45 ¶ 30]. For example, there is a reference to "116.2 hours of work" [Dkt. 64 p. 25] when in fact this firm did not claim to have logged that quantity of hours. There is also a reference to paralegal work of "61.9 hours at rates ranging from $5 to $125 per hour depending on the type of work performed" but this too is not what was claimed. These misunderstandings appear to be related. As stated in the attorney declaration, certain administrative and paralegal tasks are billed at flat fee (not hourly) rates based on a Fibonnaci sequence approach (which is a task/time allocation method often used in agile development and scrum teams in the technology world[1]). [Dkt. 45, ¶ 27]. In the firm's case management software, each flat fee "unit" is logged as 1.0. It appears that these 1.0 units were mistakenly counted as 1.0 *hours*. For example, on 7/24/2017, paralegal Tara Hodges logged a "Call-Level I" which carries a flat fee of $15.00. At her $125 hourly rate that the magistrate acknowledged as reasonable this would equate to 0.12 hours (about 7 minutes).

---

[1] "The Fibonacci sequence consists of numbers that are the summation of the two preceding numbers, starting with [0, 1]… It is easier to determine the relative complexity of a task rather than figuring out how much time it requires. Due to this, when working with agile, a revised Fibonacci scale is used in terms of points to estimate the work, as opposed to the traditional measurement of time." https://en.wikipedia.org/wiki/Fibonacci_scale_(agile) ; "Why do high performing Scrum teams use story point estimation?" at http://www.velocitycounts.com/2013/05/why-do-high-performing-scrum-teams-tend-to-use-story-point-estimation/

ANDERSONDODSON,
P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.c

*Taveras et al v. Northeast Landscape & Masonry Asso. Inc., et al*
USDC, Southern District of New York

P's Obj. to R&R
Page 2

However, this was logged as 1.0 *units*, not hours. Thus, the paralegal time expended on this task was about a tenth of what the court assumed it to be.

To elucidate all of this we attach hereto a spreadsheet that more clearly differentiates these flat fee tasks from the hourly based tasks. Ex. A.

The magistrate judge also took issue with what she deemed to be "duplicative" work, citing "counsel's billing records contain instances of excessive and duplicative work. For example, counsel spent a combined 23.1 hours drafting, reviewing, and filing their motion for attachment. [Docket No. 45-1]. They also billed 22.6 hours on Plaintiffs' default motion papers. (Id.). However, the facts and legal arguments therein are largely duplicative of those within the motion for attachment…" [Dkt 64 p. 25]. The undersigned acknowledged that – not necessarily by reference to other default motions where time far in excess than those amounts combined has been logged, but relative to the firm's own internal standards – too much time was spent on the default paperwork. In large part this was due to the fact that paralegal Hodges and associate Gastman originally set up the default paperwork as a Motion instead of this court's preference that it be framed as an Order to Show Cause with supporting declarations. Thus, some work did unfortunately have to be re-done. However, it was largely in recognition of this "excessive" work that we voluntarily reduced the requested fees by more than $5,000 of legitimately expended (albeit arguably misapplied) efforts. A further reduction on top of this voluntary reduction of an additional 35% across the board is just simply unwarranted. [Dkt. 64 p. 26].

In addition, there is no recognition in the fee award that rather than billing all of the tasks to the highest fee earner, a significant proportion of the work was delegated to paralegals who could bill their efforts at lower billable rates.

Attached is a spreadsheet in which the logged billing data is analyzed in more depth. In this we can see that pursuant to the firm's standard billing rates the firm has billed just over

AndersonDodson,
P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.c

*Taveras et al v. Northeast Landscape & Masonry Asso. Inc., et al*
USDC, Southern District of New York

P's Obj. to R&R
Page 3

$28,000 worth of efforts to the case. However, even using the magistrate's reduced hourly rates for the attorneys (i.e. $400 instead of $450 for partner, $275 instead of $325 for associate) the efforts are still just under $27,000.

Since the submission of this default paperwork in March, 2018, the firm has of course continued to expend some amount of effort on the case – including a court appearance, filing a letter to the court informing that one of the defendants had reached out indicating an intent to appear, staying in contact with the clients, etc. These additional efforts appear in this spreadsheet as well.

In further support, attached hereto is a compilation of FLSA default attorney fee awards granted in 2016-2017 in the SDNY. Ex. B. The undersigned does not swear with certainty that it represents all such cases fitting those criteria, but nothing was done to cull any out. (In other words, all of the ones that I found when conducting my research for this project are included.) These show that in default cases the average award was about $30,000 overall, or about $$15,000 per plaintiff represented. Thus, the request for $20,000 is significantly lower than the average, and squarely in line with the range of similar awards.

Finally, the court justified the significant decrease of fees awarded because of a couple of typos in the submissions. The undersigned is embarrassed about these, to be sure. However, judicial guidance mandates that fees are to be awarded based on factors such as "results obtained," not on perfection of written submissions. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 186 n.3, 190 (2d Cir. 2008) (listing twelve factors to consider: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the

ANDERSONDODSON,
P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.c

*Taveras et al v. Northeast Landscape & Masonry Asso. Inc., et al*
USDC, Southern District of New York

P's Obj. to R&R
Page 4

circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases;" and the fact that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively.).

In conclusion, this firm has logged more than $28,000 worth of lodestar formula based work on this case and a reduction to approximately half of that is not warranted. Even though our efforts have increased since the original submissions we reiterate our request that a flat fee of $20,000 for attorney fees be awarded in this case. Further reductions are not warranted, for the reasons set forth herein.

Respectfully submitted, this **11th** day of **January, 2019.**

ANDERSONDODSON, P.C.

*[signature: Penn Dodson]*

**Penn A. Dodson (PD 2244)**
penn@andersondodson.com
Attorney for Plaintiffs
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 direct
(646) 998-8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.c

*Taveras et al v. Northeast Landscape & Masonry Asso. Inc., et al*
USDC, Southern District of New York

P's Obj. to R&R
Page 5