UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
FRANCISCO TAVERAS, *et al.*,

        Plaintiffs,

  -against-                         ORDER

NORTHEAST LANDSCAPE &
MASONRY ASSOCIATES, INC.,        16-CV-834 (CS)(JCM)
*et al.*,

        Defendants.
------------------------------------------------------x

Seibel, J.

      Before the Court are Plaintiffs' objections, (Doc. 65), to the Report and Recommendation of United States Magistrate Judge Judith McCarthy, (Doc. 64 ("R&R")), after a damages inquest. Familiarity with prior proceedings and the R&R is presumed.

      A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)), *aff'd sub nom. Hochstadt v. N.Y. Stae Dep't of Educ.*, 547 F. App'x 9 (2d Cir. 2013) (summary order). "A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which [it] object[s]." *J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 352 (E.D.N.Y. 2009). If a party fails to

object to a particular portion of a report and recommendation, further review thereof is generally precluded. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). The court must review *de novo* any portion of the report to which a specific objection is made. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report only for clear error. *Alaimo v. Bd. of Educ. of the Tri-Valley Cent. Sch. Dist.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009). "Furthermore, [even] on *de novo* review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge." *United States v. Vega*, 386 F. Supp. 2d 161, 163 (W.D.N.Y. 2005).

Plaintiffs object to Judge McCarthy's decision only insofar as it reduced the attorney fee award sought from $20,000 to $14,076.10. Plaintiffs do not quarrel with the Magistrate Judge's slight reduction in the hourly rate sought,[1] but rather object to her conclusion that too many hours

---

[1] Plaintiffs contend that the Magistrate Judge "justified the significant decrease of fees awarded because of a couple of typos in the submissions," and, citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County. of Albany,* 522 F.3d 182, 186 n.3, 190 (2d Cir. 2008), argue that she should instead have applied the so-called *Johnson* factors. (Doc. 65 at 4-5.) This argument distorts the record. The Magistrate Judge surveyed recent decisions regarding the appropriate rate for lawyers of Plaintiffs' counsel's vintage in similar cases, and reduced the rate to the high end of that range. (R&R at 23-24.) She also noted that "several inaccuracies and drafting errors" in Plaintiffs' papers suggested that such a reduction was appropriate. (*Id.*) It is thus hardly fair to say that she reduced the fees (or even the rate) because of the typos. A significant part of the reduction related to excessive hours. (*Id.* at 24-26.) In any event, although the Magistrate Judge did not cite *Arbor Hill*, I find, applying the standard set forth in that case, *see Arbor Hill,* 522 F.3d at 190 (in determining reasonable hourly rate – the rate a paying client would be willing to pay – court should consider *Johnson* factors among others, and bear in mind that reasonable, paying client wishes to spend the minimum necessary to litigate case effectively), that the rates the Magistrate Judge set were fair and reasonable.

were spent on the case. It appears that Judge McCarthy was under an erroneous impression regarding the hours spent, but that was entirely the fault of Plaintiffs' counsel. The contemporaneous time records supplied by counsel, (Doc. 45-1), indicated the hours spent on various tasks. Judge McCarthy used those records in concluding that certain hours were excessive. Now it turns out, according to Plaintiffs, that certain entries that indicated "1.0" did not refer to one hour, but referred to certain tasks that were billed at a flat rate.[2] (Doc. 65 at 2-3.) Counsel has now provided a spreadsheet that sets forth which tasks were billed at a flat rate, (Doc. 65 Ex. A), but there is no way to calculate how much time was spent on each such task without doing a manual calculation for each of the dozens of entries. Counsel did not provide accurate information in the first instance and now has provided more accurate information in a less than useful form.

Although I have the discretion to disregard evidence not presented to the Magistrate Judge, *see O'Keefe v. Allstate Ins. Grp.*, No. 13-CV-4599, 2014 WL 4207608, at *1 (E.D.N.Y. Aug. 25, 2014), I will exercise my discretion to consider the new information. Because the Magistrate Judge's eminently reasonable decision to cut the hours by 35% seems to have been based on a mistake of fact – albeit one attributable to Plaintiffs – I will vacate that reduction. But I cannot – without some laborious calculations – discern the actual number of hours spent and determine whether the requested fee of $20,000 is excessive.[3] So Plaintiffs must re-submit the

---

[2] Plaintiffs' counsel's affidavit indicated that some administrative tasks were billed at a flat rate, (Doc. 45 ¶ 27), but did not indicate that those would appear as "1.0" on the records, so Judge McCarthy could not have divined that fact.

[3] Plaintiffs' counsel acknowledges that excessive time was spent on seeking a default judgment, because they proceeded by motion rather than Order to Show Cause and the application had to be re-done. (Doc. 65 at 3.) Counsel appropriately reduced their fee request by

spreadsheet and include for each of the flat-rate tasks an approximation of the hours spent, so that I can: a) determine if the hours are excessive; and b) multiply the reasonably expended hours by the appropriate hourly rates.[4]  The amended spreadsheet should also include the total hours spent by each individual.  The amended spreadsheet should be submitted no later than February 1, 2019.

SO ORDERED.

Dated: January 23, 2019
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

$5,000 to account for this mistake, which could have been avoided had they consulted my Individual Practices.

[4] I am unmoved by Plaintiffs' argument that the average fee award in Fair Labor Standards Act default cases was about $30,000.  (Doc. 65 at 4.)  The awards in the cases Plaintiffs list, (id. Ex. B), range from $4,500 to $103,904.  Obviously every case is different, and an award above or below the average may be appropriate in a given case.