Case 7:16-cv-00834-CS-JCM   Document 67   Filed 02/01/19   Page 1 of 2



January 30, 2019

Hon. Cathy Seibel
United States District Court
Southern District of New York
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

<u>Via ECF</u>

      RE:    Taveras v. Northeast Landscape & Masonry Assoc., et al.,
               Case No. 7:16-cv-00834-CS
               **Revised Spreadsheet**

Your Honor:

Pursuant to the Court's request, we provide herewith a revised spreadsheet pertaining to this firm's billing logs in this matter.  The same data is presented two ways (1) broken down by user (as requested) and (2) by date.

To briefly recap the procedural posture, you granted our motion for default judgment and asked Magistrate Judge Judith C. McCarthy to determine damages. [Dkt. 57]. On December 28, 2018, Judge McCarthy issued a Report and Recommendation which, among other things, recommended reducing Plaintiffs' attorney fees from $20,000 to $14,076.10. [Dkt. 64]. Plaintiffs objected to this reduction. [Dkt. 65]. On January 23, 2019, Your Honor issued an Order on that objection, directing Plaintiffs' counsel to resubmit an amended spreadsheet that converted all flat-fee billing to hourly billing by February 1. [Dkt. 66]. Plaintiffs' counsel herein submits that spreadsheet.

The revised spreadsheet contains a new column for "Est[imated] Time (Flat Rate)." This indicates the estimated time spent on the task described, rounded up to the nearest tenth of an hour. The "MJ Rates" are the hourly rates recommended by the Magistrate Judge in this matter. The "Revised Amnt" shows the logged or estimated time spent, times the magistrate judge's recommended rate.  Here is a summary of what these show:

Case 7:16-cv-00834-CS-JCM Document 67 Filed 02/05/19 Page 2 of 2

Page 2

| Hrs | Est Time (Flat Rate) | Total Hrs | User | Role | Orig Amount | Revised Amnt |
|---|---|---|---|---|---|---|
| 36 | 0 | **36** | Penn Dodson | Partner | $ 14,534.00 | $ 14,400.00 * |
| 19.8 | 0 | **19.8** | Alex Gastman | Associate | $ 6,435.00 | $ 5,445.00 |
| 41.6 | 15 | **56.6** | Tara Hodges | Sr. Paralegal | $ 6,567.00 | $ 7,075.00 |
| 1.4 | 4.1 | **5.5** | Frankie Brown | Sr. Paralegal | $ 582.00 | $ 687.50 |
| 0 | 3.7 | **3.7** | Jessica Sarinana | Jr. Paralegal | $ 290.00 | $ 351.50 |
| 0 | 2.2 | **2.2** | Zach Thomas | Law Clerk | $ 275.00 | $ 209.00 |
| **TOTALS** | | **123.8** | | | **$ 28,683.00** | **$ 28,168.00** |

*Note: The magistrate recommended reducing my hourly rate from $450 to $400 but a significant portion of this time had already been billed at the $400 rate, which was my hourly rate in effect internally in 2016.*

By far the person who logged the most time was paralegal Tara Hodges. A review of her logs shows that her tasks largely involved responding to the four clients' queries, drafting documents, and otherwise performing paralegal-level tasks. Importantly, these were tasks that the attorneys were **not** expending **their** time on. For myself, at 36 hours, a review of my time and task entries show lean, non-duplicative, substantive work. Early in the case most of my work pertained to pursuing attachment proceedings in an effort to try to secure funds for my clients--something that is not typically done in these cases, but was worth a shot given the defendants' financial history and track record. In short, there really is not much "fat" to trim here. Nevertheless, because there was *some*, we already reduced our request by about ***30%*** -- from $28,683 (and counting) to $20,000. As previously argued, further reductions simply are not warranted.

We appreciate the Court's time and attention to this matter, fully realizing that attorney fee motions are likely no one's favorite type of matters to address, but are unfortunately important.

The information in this letter addresses the concerns raised in my 1/23/19 Order. Accordingly, I find attorney fees in the amount of $20,000 to be fair and reasonable. Except as to attorney fees, I adopt the R&R (Doc. 64) as the decision of the Court. The Clerk shall enter judgment against Defendants in the total amount of $108,207.69, jointly and severally, as follows: 1) $33,060.00 in damages to Francisco Taveras, (ii) $22,440.00 in damages to Francisco Mercedes, (iii) $21,235.00 in damages to Wayne Johnson, (iv) $9,000.00 in damages to Jayden Perdomo, (v) $20,000.00 in attorney's fees; and (vi) $2472.69 in costs. The Clerk of the Court shall calculate prejudgment interest as described in the R&R, and if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent. NYLL § 198(4). The Clerk shall mail copies of this endorsement to Defendants at the addresses on pp. 27-28 of the R&R.

Sincerely,

Penn Dodson, Esq.
penn@andersondodson.com

Anderson Dodson, P.C.
11 Broadway * Suite
(212) 961-7639 T
www.AndersonDodson

SO ORDERED.

CATHY SEIBEL, U.S.D.J.

2/5/19